IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MAR 31 2003

SHARON FAYE BAKER,
et al.,

    Plaintiffs,

v.                                  CIVIL ACTION NO. 1:01-0553

PURDUE PHARMA, L.P.,
et al.,

    Defendants.

ORDER

Before the court are a variety of pending motions: a motion by all defendants to deny class certification (doc # 63), a motion by the plaintiffs to dismiss their case without prejudice (doc # 68), a motion for partial summary judgment on claims asserted by Sharon Faye Baker (doc # 74), a motion for oral argument on the plaintiffs' motion to dismiss (doc # 89), and a motion to file a sur-reply to plaintiffs' motion to dismiss (doc # 97). All of these motions are ripe for adjudication.

### I. Motion to Deny Class Certification

This motion was filed with the court on April 5, 2002. The plaintiffs have not responded to this motion, although their complaint sought certification of a class of plaintiffs similarly situated to themselves. Plaintiffs' only filing that touches upon this issue is actually the plaintiffs' motion to dismiss, although plaintiffs have in no way indicated that their motion to dismiss is intended as a response to defendants' motion. In the

motion to dismiss, plaintiffs assert that they are not appropriate representatives for the proposed class and seek to abandon this litigation so as to seek membership in another class. Accordingly, it appears that the plaintiffs agree, at least in part, with the motion to deny class certification. As the plaintiffs have not objected to the motion, and as the motion appears to be consistent with the very relief plaintiffs have requested in another motion, the motion to deny class certification is GRANTED.

## II. Plaintiffs' Motion to Dismiss Without Prejudice

Plaintiffs filed their motion on April 22, 2002. Defendants responded, objecting to the requested dismissal, and the plaintiffs have replied to the defendant's response.[1]

Federal Rule of Civil Procedure 41(a)(2) governs plaintiffs' requests to dismiss their cases after either an answer or a motion for summary judgment has been filed. In pertinent part, that rule reads:

> an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

---

[1] The defendants have filed a motion (doc # 97) for leave to file a sur-reply to plaintiffs' motion to dismiss without prejudice. The court deems the matter adequately briefed and finds a sur-reply unnecessary. Accordingly, the motion to file a sur-reply is and will be DENIED. Further, as this order shows, the court has found oral argument of plaintiffs' motion to dismiss unnecessary. Accordingly, the motion for oral argument (doc # 89) is also DENIED.

Federal Rule of Civil Procedure 41(a)(2). The rule itself does not provide any test for when a court should or should not grant a plaintiff's request to dismiss his complaint. However, courts have offered guidance in crafting a ruling on a Rule 41(a)(2) motion. The initial point of law is quite clear: "[a] plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). While there is a clear preference for granting such motions, "[i]n considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). Accordingly, a ruling on a Rule 41(a)(2) requires the court to determine what prejudice, if any, an opposing defendant will suffer as a result of a grant of dismissal. The defendants have asserted that granting the plaintiffs' motion would prejudice them by (1) denying them their legal rights (a) to have this case heard in federal court and (b) to have a ruling on their motion to deny class certification; and (2) causing them to have expended significant resources in the litigation of the instant action.

A. *Defendants' Desire for a Ruling on their Motion to Deny Class Certification*

Regarding defendants' desire for a ruling on their motion to deny class certification, that ruling has been provided herein.

Page 3 of 8

Accordingly, the court rejects any possibility of prejudice to the defendant on this issue.

B.  *Defendants' Expenditure of Resources*

Regarding the defendants' expenditure of resources, this point is not dispositive. First, the court could very easily remedy that issue by ruling that, as a condition of their voluntary dismissal, the plaintiffs must pay all or part of the costs of this litigation. See, e.g., Federal Rule of Civil Procedure 41(a)(2) ("upon such terms and conditions as the court deems proper"); Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987) ("We find no abuse of discretion in the requirements that the plaintiff pay a portion of USX's taxable costs and agree to the use of discovered materials in any state court proceeding. Such conditions should be imposed as a matter of course in most cases."); Wright, Miller, & Kane, Federal Practice and Procedure § 2366 ("The court may dismiss without conditions . . . , but usually at least should require that the plaintiff pay the costs of the litigation."). The court could also reduce any future expense in a second lawsuit, should one be filed, by conditioning dismissal on the agreement that the discovery materials developed herein be available for use in any subsequent lawsuit filed by the plaintiffs against these defendants. See, e.g., Davis, supra.

C.  *Defendant's Alleged Right to Have this Case Heard in Federal Court*

The defendants argue that the plaintiffs will only refile this case in state court, in an attempt to avoid the consequences of their removal to federal court in the instant suit. That such a practice amounts to forum shopping is true. However, defendants have clearly indicated their understanding of diversity jurisdiction by removing this case to federal court. The court sees no reason why they cannot do the same again in the future, should plaintiffs file suit against them. Accordingly, any right the defendants may have to require the claims of the plaintiffs to be decided in the federal courts, as opposed to the state courts, is not restricted by granting the plaintiffs' motion.

D.  *Summary and Ruling on the Plaintiffs' Motion to Dismiss*

For the foregoing reasons, the plaintiffs' motion to dismiss this action without prejudice is GRANTED IN PART. Plaintiffs will be allowed to dismiss this action without prejudice, provided they meet the following conditions:

1.  The plaintiffs and their counsel agree to the use of discovered materials in any future proceedings involving these plaintiffs, or any other claim brought by current counsel for the plaintiffs on a substantially similar theory of liability.

2.  The plaintiffs agree to pay a portion of the taxable costs (not attorneys' fees) incurred by the defendants over the course of this action. Specifically, plaintiffs are to pay those costs associated with work that cannot be used by defendants in subsequent litigation.

The plaintiffs will file with the court within ten days of the entry of this order a notice indicating their acceptance or rejection of the conditions set by the court. Thereafter, if defendants wish to seek reimbursement of their costs,[2] they are directed to submit to the court and serve upon the plaintiffs' counsel a petition for costs associated with work that cannot be used in any subsequent proceeding. This petition is to be filed within ten days of the filing of plaintiffs' notice. Plaintiffs will then file with the court any objections they may have to the reasonableness of the claimed costs.

Upon receipt and review of any objections, the court will enter a final order dismissing this matter without prejudice and a judgment order in accord with the foregoing conditions.

---

[2] If defendants do not tender any such petition for costs, the court will assume they have determined that they have incurred no costs for which reimbursement is appropriate under the terms and conditions outlined above or that they do not seek reimbursement of costs for other reasons.

Should the plaintiffs reject these terms, the court will enter a new scheduling order detailing further proceedings and setting this matter for trial.

### III. The Motion for Partial Summary Judgment on Claims Asserted by Sharon Faye Baker

Based on the foregoing conditional granting of the plaintiffs' motion to dismiss without prejudice, the court **DENIES** this motion as moot. Should the plaintiffs reject the conditions set by the court, the defendants may refile this motion in the future at the time they deem it appropriate.

### IV. Conclusion

For the foregoing reasons, it is **ORDERED** as follows:

1. The motion by all defendants to deny class certification (doc # 63) is **GRANTED**;

2. The motion by the plaintiffs to dismiss their case without prejudice (doc # 68) is **GRANTED IN PART** and upon the conditions outlined herein;

3. The motion for partial summary judgment on claims asserted by Sharon Faye Baker (doc # 74) is **DENIED** as moot;

4. The motion for oral argument on the plaintiffs' motion to dismiss (doc # 89) is **DENIED**; and

    5.    The motion to file a sur-reply to plaintiffs' motion to dismiss (doc # 97) is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is SO ORDERED this 31st day of March, 2003.

ENTER:

*David A. Faber* (signature)
David A. Faber
Chief Judge