IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

SHARON FAYE BAKER,
et al.,

    Plaintiffs,

v.                                     CIVIL ACTION NO. 1:01-0553

PURDUE PHARMA, L.P.,
et al.,

    Defendants.

ORDER

By Order dated March 31, 2003, the court GRANTED IN PART plaintiffs' motion to dismiss this action without prejudice and ORDERED that plaintiffs would be allowed to dismiss this action without prejudice, provided they meet the following conditions:

1. The plaintiffs and their counsel agree to the use of discovered materials in any future proceedings involving these plaintiffs, or any other claim brought by current counsel for the plaintiffs on a substantially similar theory of liability.

2. The plaintiffs agree to pay a portion of the taxable costs (not attorneys' fees) incurred by the defendants over the course of this action. Specifically, plaintiffs are to pay those costs associated with work that cannot be used by defendants in subsequent litigation.

The court further ordered the plaintiffs to file with the court, within ten days of entry of the March 31, 2003 Order, a notice indicating their acceptance or rejection of the conditions laid down by the court. Finally, the court ordered that

> if defendants wish to seek reimbursement of their costs, they are directed to submit to the court and serve upon the plaintiffs' counsel a petition for costs associated with work that cannot be used in any subsequent proceeding. This petition is to be filed within ten days of the filing of plaintiffs' notice. Plaintiffs will then file with the

>court any objections they may have to the reasonableness of
>the claimed costs.

March 31, 2003 Order at 6.

On April 8, 2003, plaintiffs filed a notice of their acceptance of the conditions for voluntary dismissal. Thereafter, on April 22, 2003, defendants filed their petition for costs in which they sought reimbursement for court reporter fees and transcript costs totaling $1,186.95. Plaintiffs filed an objection to the petition for costs and asked that no costs be awarded to defendants because: 1) their petition for costs was not timely filed, and 2) the depositions for which defendants seek reimbursement may be used by defendants in subsequent litigation.

Under Federal Rule of Civil Procedure 6(a), it is clear that plaintiffs' argument that the petition was not timely filed is without merit. That rule provides in pertinent part:

>In computing any period of time prescribed or allowed by
>these rules, by the local rules of any district court, by
>order of court, or by any applicable statute, the day of the
>act, event, or default from which the designated period of
>time begins to run shall not be included. . . . When the
>period of time prescribed or allowed is less than 11 days,
>intermediate Saturdays, Sundays, and legal holidays shall be
>excluded in the computation.

Plaintiffs filed their notice of acceptance on April 8, 2003; accordingly, that day is not included. Excluding Saturdays and Sundays between April 9, 2003, and April 22, 2003, it is clear that defendants' petition was filed on the tenth day and, therefore, is timely.

Regarding plaintiffs' second argument that the depositions for which costs are sought can be used in subsequent litigation, that

argument is equally without merit. The record shows that the depositions in question were taken after plaintiffs filed their motion to dismiss but before the completion of discovery in the case. If plaintiffs were to proceed to trial in another case, it is clear that they would have to be redeposed. Furthermore, the court has reviewed the depositions in question and finds that they were geared primarily to issues surrounding plaintiffs' motion to dismiss and their suitability as class representatives, therefore, it is unlikely they could be used in subsequent litigation. Finally, having reviewed the file in this matter as well as all the paper filed in the course of the litigation, it appears to the court that the amount sought by defendants is not exorbitant, but rather quite modest.

Accordingly, plaintiffs' objections to defendants' petition for costs are overruled. Plaintiffs are ORDERED to pay defendants, within thirty (30) days of entry of this Order, the sum of $1,186.95, said sum representing those costs associated with work that cannot be used by defendants in subsequent litigation. This case is DISMISSED without prejudice and the Clerk is directed to send a copy of this Order to counsel of record.

It is SO ORDERED this 4th day of February, 2004.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge